IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

KEENAN KESTER COFIELD, #326109   *
          Petitioner
    v.                                      *   CIVIL ACTION NO. CCB-06-909

NANCY L. ROUSE, et al.            *
          Respondents.
                                        ***

## **MEMORANDUM**

Petitioner is currently confined at the Maryland Correctional Institution in Hagerstown, serving state sentences imposed in the Circuit Court for Baltimore County. On April 10, 2006, this court received for filing his petition for writ of habeas corpus, challenging: (1) the denial of the award of credits for time spent in custody under Maryland rules[1] and (2) the Maryland Division of Correction's ("DOC") construction and computation of his sentences. Paper No. 1.

Petitioner was granted leave to proceed in forma pauperis, but was granted thirty days to supplement his petition to demonstrate exhaustion of his state court remedies with regard to the aforementioned claims. Paper No. 3. He was directed to present copies of: (1) the state habeas corpus petition referenced in this action; (2) any and all answers filed by the state in said habeas proceeding; and (3) all opinions issued by the state courts relating to the habeas matter. *Id*.

After the filing of petitioner's supplemental pleading, on June 14, 2006, respondents were directed to answer the § 2241 petition.[2] On August 11, 2006, their response was filed. Paper No.

---

[1] Petitioner specifically references Md. Code Ann., Crim. Proc. § 6-218 & 6-219 which provide for credit against sentence for time spent in custody and for the suspension of sentence and other conditions placed on sentence.

[2] Although the court permitted the case to go forward, it voiced no opinion as to whether petitioner had satisfied the judicially-created exhaustion requirements of 28 U.S.C. § 2241. Respondents were directed to respond to the petition and to raise any and all arguments related to exhaustion and the substantive merits of the § 2241 claims.

9. Petitioner has since filed an amendment along with an original and supplemental reply. Paper Nos. 10, 19, & 21. The case is ready for this court's consideration and may be determined on the pleadings. Oral hearing is not necessary. *See* Local Rule 105.6. (D. Md. 2004). For reasons to follow, the petition shall be dismissed without prejudice.

Petitioner first claims that he was not awarded credit for pre-trial detention time served prior to his sentences in the Circuit Court for Baltimore County. He additionally claims that the DOC has not properly calculated his state terms and has illegally added almost one year to his sentence. The following information is culled from the record presented to this court.

On February 24, 2005, Baltimore County Circuit Court Judge John Grason Turnbull sentenced petitioner to four years for violation of probation on an underlying theft conviction in *State v. Cofield*, Case No. 01CR3868. Paper No. 9, Ex. 1. The commitment was to commence on January 31, 2005, to reflect the allowance of 25 days credit under Md. Code Ann., Crim. Proc. § 6-218. An amended commitment was issued on May 20, 2005, to change the commencement date to January 29, 2005. *Id*., Ex. 2. The DOC has calculated petitioner's maximum expiration date on this sentence to be January 29, 2009. *Id*., Ex. 3.

On March 29, 2005, petitioner was sentenced to a five-year term in the District Court for Baltimore County on a forgery conviction in *State v. Cofield*, Case No. 1C00198738. *Id*., Ex. 4. That sentence was ordered to run "consecutive to the last sentence to expire of all outstanding and unserved Maryland sentences" and petitioner was awarded 1 day credit for time served. *Id*. Petitioner noted an appeal to the Circuit Court for Baltimore County and on June 14, 2005, that court imposed a four-year sentence in *State v. Cofield*, Case No. 05CR1502. The Circuit Court ordered the sentence to run concurrent to any other outstanding or unserved sentence and to commence on

February 24, 2004, to reflect the allowance of 476 days credit under Md. Code Ann., Crim. Proc. § 6-218.  Paper No. 9, Ex. 5.  The maximum expiration date for this sentence is February 24, 2008. *Id*., Ex. 3.

Also, on March 29, 2005, the District Court for Baltimore County sentenced petitioner to a five-year term for theft in *State v. Cofield*, 2C00198312.  *Id*., Ex. 6.  On appeal to the Circuit Court for Baltimore County, a four-year sentence was imposed in *State v. Cofield*, Case No. 05CR1496. *Id*. Ex. 7.  The Circuit Court ordered the sentence to run concurrent to any other outstanding or unserved sentence and to commence on February 24, 2004, to reflect the allowance of 476 days credit under Md. Code Ann., Crim. Proc. § 6-218.   *Id*..   The maximum expiration date for this sentence is February 24, 2008.  *Id*., Ex. 3.

On June 15, 2006, Baltimore County Circuit Court Judge John O. Henegan imposed a four-year sentence for theft over $500.00 in *State v. Cofield*, Case No. 03-K-06-000552.  *Id*., Ex. 8.  On July 26, 2006, the Circuit Court issued an amended commitment record which changed the starting date of the sentence to February 24, 2004.   *Id*., Ex. 9.

Respondents assert that based upon the aforementioned Baltimore County commitments, petitioner is serving a term of confinement commencing February 24, 2004, and ending January 29, 2009.  They further state that petitioner has been allowed the following diminution of confinement credits under Md. Code. Ann., Corr. Servs.  §§ 3-701-711: (1) 472 DOC good-conduct credits at the rate of 5 days per calendar month from February 24, 2004, to January 29, 2009; (2) 81 DOC special project credits; (3) 61 DOC industrial credits; and (4) 8 local good-conduct and special project credits, for a total of 622 diminution credits.  *Id*., Ex. 10.  With this award, petitioner's mandatory

3

supervision release date, as of July 31, 2006, has been calculated to be May 18, 2007.  Paper No. 9, Ex. 10.

Respondents maintain that the case should be dismissed for petitioner's failure to exhaust his state judicial and administrative remedies.  They acknowledge that petitioner has filed several habeas corpus actions in the Maryland circuit courts in Washington County, Baltimore City, and Baltimore County, a number of which concern the alleged improper denial of additional pre-sentence credits and/or the DOC's calculation of his sentences.  Paper No. 9, Exs. 11-13 & 15-26.  They argue, however, that petitioner did not file appeals from the decisions of the circuit courts in any of these cases.  Respondents further maintain that petitioner has failed to demonstrate that he ever filed a grievance with the Inmate Grievance Office ("IGO") regarding his complaint against DOC staff as to the calculation of his sentences.[3]

Petitioner contends that he has filed several habeas corpus petitions along with several motions to correct an illegal sentence in the aforementioned state circuit courts, which were appealed to the Maryland Court of Special Appeals.  Paper No. 10.  He further states that he has filed various administrative remedies and "other informal matters with the DOC," although the DOC has no authority over credit issues.  *Id*.  Petitioner continues to allege that he is entitled to credit under Md. Code Ann., Crim. Proc., §§ 6-218(b) and 6-219 (e) for time spent in pre-trial home detention and electric monitoring in connection with *United States v. Cofield*, Criminal No. MJG-04-

---

[3] Respondents additionally ask this court to dismiss petitioner's claims on the merits by concluding that: (1) the decisions of the state courts in denying petitioner's habeas corpus petition did not result in a decision that was contrary to or an unreasonable application of federal law; and (2) there is no factual merit to petitioner's claims regarding the simultaneous commencement date of all his sentences and the failure of the sentencing court and DOC to properly award him pre-trial credit. Paper No. 9, answer at 8-9

099 (D. Md.).[4]   Paper No. 19.   He seemingly contends that there is no judicial requirement that he exhaust his habeas remedies in the Maryland appellate courts and that the failure to raise an issue to the IGO does not operate as a procedural bar to federal habeas corpus review of that issue.[5]  *Id*. In his supplemental reply petitioner argues that he has contacted and received information from the DOC, IGO, and Prisoner Rights Information System of Maryland, Inc. supporting his claim that an inmate is not required to exhaust administrative remedies before filing a motion to correct an illegal sentence under Maryland Rule 4-345(a).  Paper No. 21.

Generally, a habeas petitioner seeking § 2241 relief is required to exhaust state remedies. *See Wilson v. Jones*, 430 F.3d 1113, 1118 (10th Cir. 2005).  Based upon the record before the court, the undersigned concludes that petitioner has failed to exhaust all available state administrative and court remedies.

An inmate challenging the DOC's failure to calculate properly his good time credits and/or release date and the failure of a state court to award pre-trial credits has two possible avenues for relief in the state courts.  First, regardless of whether he believes he is entitled to an immediate release, an inmate may challenge the calculation of his sentences and/or diminution credits through administrative proceedings by:

> 1.   Filing a request under the administrative remedy procedure, Division of Correction Directive 185-001 *et seq.,* to the warden of the institution where he is confined;

---

[4]   Petitioner attaches a letter and memorandum from U.S. District Judge Marvin J. Garbis which notes that petitioner was required to participate in home electronic monitoring in connection with his federal case from February 24, 2004, until he was incarcerated on state charges.  Paper No. 19, Exs. 5-8.

[5]   Petitioner claims that the administrative remedy process has been ruled unconstitutional by the Maryland appellate court.  Paper No. 19.  He further argues for the first time here that the amended commitment or "sentence" imposed on May 20, 2005, in *State v. Cofield*, Case No. 01CR3868 is unconstitutional because he was not present in court when the modification was made.  Paper No.19.

    2.       Appealing a denial of the request by the warden to the Commissioner;

    3.       Filing a complaint with the Inmate Grievance Office, ("IGO");

    4.       Appealing a final decision of the IGO to the Circuit Court; and

    5.       Filing an application for leave to appeal to the Court of Special Appeals from the decision of the Circuit Court. If the Court of Special Appeals grants the application for leave to appeal, but denies relief on the merits, a prisoner must then seek *certiorari* to the Court of Appeals.

An inmate challenging the failure of a state court to award pre-trial credits or claiming an entitlement to an immediate release can also seek relief directly from the state courts by:

    1.       Filing a petition for writ of habeas corpus in a Circuit Court;[6]

    2.       Appealing a decision by the Circuit Court to the Court of Special Appeals;[7] and

    3.       Seeking *certiorari* to the Court of Appeals from a decision by the Court of Special Appeals.

Petitioner has filed extensive materials with this court showing that he filed a number of challenges to his sentence and commitment in the state circuit courts. The docket entries and documents indicate, however, that while petitioner did file applications for leave to appeal to the

---

[6] In *Maryland House of Correction v. Fields*, 348 Md. 245, 261 (1997) the Maryland Court of Appeals held that a prisoner presenting a colorable claim of entitlement to immediate release based upon the calculation of diminution credits was entitled to seek habeas corpus relief without first exhausting his administrative remedies. It did not address the situation where a prisoner was not claiming entitlement to immediate release.

[7] While this Court at one time interpreted Maryland law as not permitting an appeal of a Circuit Court decision denying habeas corpus relief except in very limited circumstances, *see Chavis v. Smith*, 834 F. Supp. 153, 158 (D. Md. 1993), later decisions by the Maryland Court of Appeals have made it clear that there is a right of appeal in cases where state habeas corpus relief has been sought challenging the calculation of sentences and/or diminution credits or other actions of DOC staff. *See generally Jones v. Filbert*, 155 Md.App. 568 (2004); *see also Maryland Correctional Institution v. Lee*, 362 Md. 502, 505, 515-17 (2001); *Maryland House of Correction v. Fields*, 348 Md. 245 at 261; *Frost v. State*, 336 Md. 125, 132 n.5 (1994); *Merritt v. Corcoran*, 105 Md. App. 109, 111 (1995).

Court of Special Appeals of Maryland, these applications related to: (1) petitioner's direct appeal of his 2005 criminal convictions; and (2) lower court denials of his motions to modify sentence, to correct an illegal sentence, and to amend his commitment records. Paper No. 19, Ex. 30-38, & 40-73. As already indicated, however, the proper mechanism for raising and exhausting an immediate challenge to the award of diminution and pre-trial credits in the Maryland courts is by way of habeas corpus application.

Petitioner has not demonstrated that he has fully utilized either of the aforementioned procedures to present claims to the Maryland appellate courts by habeas corpus review or by the administrative remedy process. Therefore, the petition shall be dismissed without prejudice for the failure to exhaust available remedies.[8]  *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U. S. 484, 490-91 (1973). A separate Order follows.


Date:   November 28, 2006                        /s/
                                          Catherine C. Blake
                                          United States District Judge

---

[8] Although the petition is being dismissed on the basis of non-exhaustion, the record presented to the court seemingly shows that: (1) state court judges have provided petitioner all pre-trial credits to which he is entitled; (2) the DOC has accurately calculated these credits from petitioner's state court commitment records; and (3) the DOC has awarded and credited petitioner with local and state diminution credits when calculating his mandatory release date. According to the record, petitioner is serving four 4-year sentences, three of which commence on February 24, 2004, while the remaining sentence commences on January 29, 2005. There is no evidence that the DOC has added time to these terms.